# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RICHARD A. BECKER,
    Appellant,

   v.

DEPARTMENT OF DEFENSE,
    Agency.

DOCKET NUMBER
DA-3443-16-0064-I-1

DATE: October 13, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Richard A. Becker</u>, Coram, New York, pro se.

<u>Susan J. Sandidge</u>, Dallas, Texas, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed his nonselection appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2  On April 24, 1966, the appellant, a preference eligible, resigned from his position as a Resident Manager at the Army & Air Force Exchange Service (AAFES or agency) in Jakor. Initial Appeal File (IAF), Tab 32, Initial Decision (ID) at 1-2.[2] AAFES is a Nonappropriated Fund Instrumentality (NAFI) of the United States operating under the Department of Defense (DOD). ID at 2. The appellant filed an appeal with the Board alleging that he has been applying annually for employment with AAFES since 1968 and his applications have been overlooked. ID at 2. He argued that AAFES failed to acknowledge or respond to any of his requests for reinstatement to his former position because of discrimination based on his marriage to a Japanese woman and unspecified retaliation. *Id.* The appellant also alleged that the agency violated the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) (codified as amended at 38 U.S.C. §§ 4301-4335) and/or the Veterans

---

[2] "Jakor" is a reference to "Japan/Korea." ID at 2 n.2.

Employment Opportunities Act of 1998 (VEOA).[3]  ID at 4; IAF, Tab 15 at 3.  The appellant did not request a hearing on his appeal.  ID at 2.

¶3        Because a question existed regarding the Board's jurisdiction over this appeal, the administrative judge notified the appellant of the elements and burdens of establishing jurisdiction over his appeal under the applicable legal standards, including VEOA and USERRA, and she ordered him to file evidence and argument establishing the Board's jurisdiction.  IAF, Tabs 2, 8, 18.  The appellant responded by asserting that he is a Gulf War veteran and that AAFES is part of DOD and thus subject to the Board's jurisdiction.  ID at 3; IAF, Tab 3.  The appellant also asserted that, although he had filed complaints with the Equal Employment Opportunity Commission, the Department of Labor (DOL), and the Office of Special Counsel, he had not received any reply to those complaints.  ID at 3; IAF, Tab 3.  The appellant did not indicate the bases for his complaints or state when he filed them, or provide copies of them.  ID at 3 n.5.  The agency responded by filing a motion to dismiss, arguing that the appeal was outside the Board's purview because the appellant was not an employee of AAFES, he provided no evidence to show that he ever applied, or was not selected, for a position or that he was denied reinstatement, and the AAFES is a NAFI, over which the Board lacks jurisdiction.  In the alternative, the agency argued that the appeal was untimely filed.[4]  IAF, Tab 7, at 5-7.

¶4        After considering the parties' submissions on the jurisdictional issue, the administrative judge dismissed the appeal for lack of jurisdiction based on the written record.  ID at 3-12.  In dismissing the appeal, the administrative judge found that the Board has no jurisdiction over the appeal of an adverse action filed

---

[3]  It is undisputed that the appellant performed military service and received an honorable discharge.  ID at 9.

[4]  Because the administrative judge dismissed the appeal for lack of jurisdiction, she did not make findings on the agency's argument that the appeal was untimely filed.

by NAFI employees or former employees of AAFES. ID at 4. The administrative judge also found that the appellant failed to establish by preponderant evidence that he exhausted his administrative remedies with DOL regarding the agency's failure to select him for a position; therefore, his request for corrective action under VEOA must be dismissed. ID at 11-12. The administrative judge further found that the appellant failed to establish jurisdiction over his appeal under USERRA, applying the criteria for establishing jurisdiction over both reemployment claims and discrimination claims under that statute. ID at 10, 12-13. In support of this finding, the administrative judge determined that the Board lacks jurisdiction over this appeal as a USERRA reemployment case because the appellant did not establish he was entitled to assert a right to reemployment under 38 U.S.C. §§ 4312-4318, given that he failed to show that his 1966 resignation from AAFES was related to his performance of military duty and both his employment and military duty occurred prior to 1994, the effective date of the applicable statute. ID at 5. The administrative judge, moreover, found that the appellant did not demonstrate that the Board has jurisdiction over his appeal because he did not show that his military status was a motivating or substantial factor in the agency's failure to select him for the position(s) he sought. ID at 9-11.

¶5      The appellant has filed a petition for review with the Board challenging the initial decision. Petition for Review (PFR) File, Tab 1. The agency has responded in opposition to his petition, and he has replied. PFR File, Tabs 3-4.

¶6      On review, the appellant generally references VEOA and USERRA, but he does not clearly address the jurisdictional issues beyond mentioning that he made sufficient allegations in his previous Board appeals to establish jurisdiction here.[5]

---

[5] The appellant has filed more than 80 appeals with the Board. Although that could mean that some or all of the claims raised by the appellant in this case are barred under the doctrines of collateral estoppel or res judicata, we have not addressed those issues

PFR File, Tab 1 at 2. The appellant raises various arguments unrelated to the dispositive jurisdictional issues, claiming that the agency lacked candor, attempted to denigrate his employment history, and went out of its way to "cover up the gross violations of the laws." *Id.* The appellant also submits an illegible copy of a letter he wrote to AAFES in 1979 inquiring about the status of a 1978 reinstatement application, which he filed in the Board's Dallas Regional Office on August 4, 2016. *Id.* at 3.

¶7    Most of the appellant's submissions on appeal and on review are difficult to read. PFR File, Tabs 1, 4; IAF, Tab 14. Nonetheless, for the reasons stated in the initial decision, we find that the administrative judge properly dismissed this appeal for lack of jurisdiction. The administrative judge did an excellent job clarifying the appellant's various arguments and explaining why the appellant failed to prove jurisdiction over his appeal under the applicable laws. Because we find that the appellant's evidence and argument on review provides no basis for disturbing the thorough, well-reasoned initial decision, we deny his petition for review.[6] *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

---

given our finding that the administrative judge properly dismissed the appeal for lack of jurisdiction.

[6] On review, although the appellant refers to a letter that he allegedly received from DOL before the initial decision was issued in this appeal, he did not provide the Board with a copy of that letter as proof that he exhausted his claims before DOL to establish jurisdiction over his appeal under VEOA. PFR File, Tab 1 at 2; ID at 12; *see Gingery v. Office of Personnel Management*, 119 M.S.P.R. 43, ¶ 13 (2012) (finding that the Board must dismiss a VEOA claim if the appellant cannot show that he exhausted his DOL remedy).

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).   If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).

If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.